UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: PRESIDENT CASINOS, INC., ) <br> ) <br> Debtor, ) <br> ) <br> STUART A. WILLIAMS, trustee of The ) <br> Stuart A. and Francine W. Williams ) <br> Recoverable Trust, ) <br> ) <br> Appellant ) <br> v. ) <br> ) <br> HENRY L. GUSKY, in his capacity as ) <br> Liquidation Trustee of President Casinos, ) <br> Inc., Liquidation Trust, ) <br> ) <br> Appellee. ) | No. 4:14CV1768 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Appellee's Motion to strike the "Appendix" attached to Appellant's Brief, as well as the potion of Appellant's Brief that cite to the Appendix. [Doc. No. 17]. Appellant opposes the Motion.

The "Appendix" is a one-page July 14, 2011 memo from Stephanie Salmons to "Reorg Announcements" entitled "Re: Instructions for the First Stock Distribution to Holders of President Casinos." It contains four bullet points of instructions and information.

The memo is cited twice in Appellant's Brief:

First, on July 14, 2011, Mr. Gusky instructed DTC that payment of the First Liquidation Distribution would be made upon "receipt of certificates"— presentation of the stock. *See* Appendix A, a copy of the July 14, 2011 Memorandum to DTC. There is no indication in the July 14, 2011 Memorandum that payment of the First Liquidation Distribution would be made upon the "Record Date." *Id.* Such distinction is critical.

[Doc. No. 10 at 14].

Appellee argues that, because Appellant neither filed the memo on the record in the bankruptcy proceedings, nor listed it in Appellant's designation of the record in this appeal, the memo and the facts contained therein are not properly before the Court in this appeal. In light of this, Appellee requests that the Court strike the memo and Appellant's Brief to the extent it relies on the memo.

Appellant counters that in the bankruptcy proceedings it submitted a Declaration of Peter Gleeson, which referenced the July 14, 2011 memo and its instruction that the First Liquidation Distribution be "upon receipt of certificates." *In re: President Casinos, Inc.*, Case No. 02-53005-659, Doc. No. 2141 at ¶ 17. The Gleeson Declaration also explained that the July 14, 2011 Instruction required presentation of the stock certificates for payment of the First Liquidation Distribution, and did not contain any reference to the Record Date. *Id.* at ¶¶ 18–19. Appellant identified the Gleeson Declaration in Appellant's designation of the record on appeal. [Doc. No. 1-2 at 3].

"An appellate court can properly consider only the record and facts before the district court and thus only those papers and exhibits filed in the district court can constitute the record on appeal." *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 559–560 (8th Cir. 2008) (citing *Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1175 (8th Cir. 1989), and Fed. R. App. P. 10(a)). Here, the facts at issue were presented in the bankruptcy court proceedings, but the document cited to support them was not. Accordingly, the Court will grant Appellee's Motion, strike the "Appendix" to Appellant's Brief, strike the portions of Appellant's Brief that rely on the memo, and give Appellant leave to amend its Brief to cite the Gleeson Declaration.

Accordingly,

**IT IS HEREBY ORDERED** that Appellant's Motion to Strike [Doc. No. 17] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Appendix attached to Appellant's Brief, [Doc. No. 10-1], is **STRICKEN**.

**IT IS FURTHER ORDERED** that the portion of Appellant's Brief that cites the Appendix is **STRICKEN**.

**IT IS FURTHER ORDERED** that Appellant is given 14 days from the date of this Opinion, Memorandum and Order to file an amended brief.

Dated this 22nd day of June, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE